## Dauber's Case.

## Beatty's Case.

Argued October 30, 1942.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Gilbert E. Morcroft,* with him *George E. Morcroft, Jr.,* for appellant.

*Charles B. Prichard,* of *Prichard, Lawler, Malone & Geltz,* for appellees.

OPINION BY HIRT, J., January 28, 1943:

These appellees were members of the police force of the Borough of Bellevue, continuously, for more than ten years. Both were discharged from service by the borough council under identical circumstances. The Act of 1941, P. L. 84, 53 PS 351.1 et seq., establishing a civil service system in boroughs became effective July 1, 1941. The question is whether their services as police officers terminated under an order of dismissal before that date. If their employment extended *beyond* that date, the requirements of the General Borough Act of May 4, 1927, P. L. 519, 53 PS 12221, (relating to the dismissal of police officers) as affected by the civil service provisions of the Act of 1941, were not met. The lower court found that the 1941 act was in effect and that appellees were illegally discharged. The order directing their reinstatement will be affirmed.

Two questions raised by this appeal have been decided

by the Supreme Court since the argument of these appeals. The Act of 1941 is constitutional, *(Township of Haverford v. Samuel Siegle,* 346 Pa. 1, 28 A. 2d 786) and that act, in conjunction with the above act of 1927, prescribes the procedure which must be followed in dismissing police officers from service in a borough. *Bragdon, Burgess et al. v. Ries,* 346 Pa. 10, 29 A. 2d 40.

A review of the facts as to Dauber applies to appellee Beatty as well. The regular June meeting of the borough council had been held before the Act of 1941 was approved by the Governor of the Commonwealth on June 5, 1941. With notice that the act had become the law council determined to discharge appellees under the General Borough Act of 1927 before the additional mandatory procedure of the 1941 Act should become effective July 1. For this purpose a properly called special meeting of council was held on June 25, 1941 when, by resolution, Dauber was "dismissed from employment in the Police Department, effective June 30, 1941." But in addition, the resolution provided "that an amount equal to a vacation allowance of two weeks be paid to Mr. Dauber, July 15, 1941, said sum being equal to the amount he would have received during his normal vacation period." At a second meeting of council held June 30, 1941, this action was ratified and approved. Dauber did not acquiesce in the order of dismissal. After a vacation of two weeks he presented himself for work but was not permitted to resume his duties as a police officer. On July 16, the borough tendered its check for two weeks salary "as a gratuitous vacation allowance" which was refused. On demand Dauber surrendered his police badge "under protest and without prejudice, and without waiving [his] legal right to [his] position as a borough policeman." On August 9, 1941, he presented his petition to the

Civil Service Commission of the borough for a hearing in accordance with the Act of 1941. The commission refused the prayer of the petitioner "for want of jurisdiction" whereupon an appeal was taken to the lower court and after hearing, Dauber was reinstated as of July 1, 1941 with full pay from that date.

Under §1125 of the 1927 act, council had the power to appoint and remove at will. The Act of 1941, establishing a civil service system for police officers in boroughs, created a civil service commission; section 20 forbids "the suspension, removal, or reduction in ranks of any police department employee except for one of the reasons therein specified, and section 21 gives persons sought to be suspended, removed, or reduced in rank the right to demand a hearing before the commission and to be reinstated in the event that the charges are not upheld": *Bragdon, Burgess et al. v. Ries,* supra.

No question has been raised as to the status of Dauber as a borough policeman at the time of his attempted dismissal and he was not removed for cause. There were more than three members of the borough police force and the 1941 act controlled the dismissal of any of them after its effective date.

It is clear that Dauber was an employee of the police department after July 1, 1941 and that he is entitled to the benefits of the act. His term of service under the resolution which attempted to remove him did not end until July 15, 1941, at the termination of his vacation. 'Vacation' implies a recess or leave of absence, a respite or time of respite from *active* duty; an intermission or rest period during which activity or work is suspended. It is a period of freedom from duty but not the end of employment. Cf. Webster New Inter. Dict. 2d Ed. A master who in recognition of faithful service gives his servant a vacation does not thereby terminate the relation since 'vacation' implies continued service. *Gutzwiller v. American Tobacco Co.,* 97 Vt.

281, 122 A. 586. The borough's contention is that the resolution terminated the employment on June 30, 1941 and the vacation allowance was a mere gratuity. The obvious answer is that the members of council were without authority to give away the borough's funds and the time of payment at the end of the vacation period denies that intent. If they were determined to pay Dauber the equivalent of two weeks pay as a gratuity, taking the chances of a surcharge, they would have made the payment before July 1, 1941. They carried Dauber on the payroll as an employee of the Borough until July 15 and then tendered him his regular semi-monthly salary. His employment under the resolution did not end until that date. The resolution refers to his 'normal' vacation period; it was a vacation to which he was entitled during the period of his employment. In the meantime the 1941 act had become effective and he could be removed for cause, only after the Civil Service Commission had determined (since a hearing was demanded) that the charges were sustained. The refusal of a hearing in these cases invalidated the proceedings and both appellees were properly reinstated.

The orders are affirmed.