H. P. Hodge, Jr., City Atty., Wichita Falls, for appellee.

**V. D. COFFMAN et al., Appellants,**

v.

**CITY OF WICHITA FALLS, Appellee.**

No. 16479.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 10, 1964.

Rehearing Denied Feb. 7, 1964.

RENFRO, Justice.

Suit was brought against the City of Wichita Falls by Aubrey Wayne Bell and numerous others, who alleged that "Plaintiffs are each and every one presently employed by the City of Wichita Falls in the fire department * * *." Several counts for relief were set out in the petition. Apparently the judgment of the trial court was satisfactory to plaintiffs, with the exception of the count regarding vacation pay. The City did not appeal from the portion of the judgment adverse to it. The plaintiffs appealed from that part of the judgment only which denied their plea for vacation pay over a two year period.

Plaintiffs plead Art. 1583–1, Vernon's Ann.P.C., wherein it is provided: "Sec. 3. Each member of any such departments in any city of more than thirty thousand

(30,000) inhabitants shall be allowed fifteen (15) days vacation in each year with pay; * * *", and alleged that defendant had failed and refused to grant the members of the fire department 15 days paid vacation as provided by law.

Trial was had before a jury. No issue was submitted or requested concerning vacation pay. The court in its judgment, however, denied plaintiffs' claim for vacation pay.

The evidence is undisputed. Plaintiffs claim the facts show they have not been granted a 15 day vacation with pay. The defendant, on the basis of the same evidence, says as a matter of law plaintiffs have been granted 15 day vacations with pay.

Article 1269m, § 26(a), Vernon's Ann. Tex.Civ.St., reads as follows: "All firemen and policemen in the classified service shall have a minimum of fifteen (15) working days vacation with pay in each year. In computing the length of time during which a fireman or policeman may be absent from work for the vacation provided by this Section, only those calendar days during which the member would be required to work if he were not on vacation shall be counted as vacation days. Vacation leave may not be accumulated from year to year, except as approved by the governing body of the city." Section 50, Rule XVII of the Civil Service Rules of defendant City, provides: "Employees in the classified service shall earn a minimum of fifteen (15) working days vacation with pay in each calendar year. Only those calendar days during which the member would be required to work if he were not on vacation shall be counted as vacation days. * * *"

The evidence shows that the firemen employed by defendant work in three shifts of 24 hours each. Each shift begins its 24 hour work period at 8:00 A.M. and works until the following morning at 8:00 A.M.

Then the next shift takes over for a 24 hour period, at the expiration of which the third shift goes on duty for a 24 hour period. During the summer months shift one is relieved of duties for 8 shifts. During that time shifts 2 and 3 are required to work their normal 8 shifts, plus 4 additional shifts to take care of the 8 shifts missed by No. 1. When shift 1 returns, the process is repeated as to shifts 2 and 3. Plaintiffs contend there is actually no time off from their normal work load and, therefore, in spite of the fact plaintiffs were actually off duty as many as 26 consecutive days at full pay, such period was not a vacation with pay as contemplated by the statute.

All of plaintiffs are paid monthly salaries, and receive full salary while off from work during the summer months.

" 'Vacation' implies a recess or leave of absence, a respite or time of respite from active duty; an intermission or rest period during which activity or work is suspended. It is a period of freedom from duty but not the end of employment. Cf. Webster New Inter.Dict. 2nd Ed." In re Dauber, 151 Pa.Super. 293, 30 A.2d 214.

Article 1583–1, § 1, V.A.P.C., provides that no member of the fire department shall be required to be on duty more than six days in any one week. Plaintiffs do not contend that they ever were on duty more than 6 days in any one week.

Section 6 of the same article provides that it shall be unalwful for a city to require any fireman to work more than an average, *during a calendar year,* of sixty-three hours per week. A proper interpretation of the above statute shows that a fireman could be required to work three thousand two hundred and seventy-six hours during a calendar year. The evidence is undisputed that plaintiffs worked only 3,016 hours per man during the calendar year.

We agree with defendant that under the statutes and the uncontradicted evidence the plaintiffs did receive at least 15 days vacation with pay yearly, and that to allow plaintiffs' present claims would in effect double plaintiffs' vacation pay.

The judgment is affirmed.