## Commonwealth v. Borough of Strasburg

*Carl L. Mease, William M. Gross, Assistant Attorneys General,* for Commonwealth.

*Robert R. Rice, McNees, Wallace & Nurick,* for defendant.

*John Milton Ranck,* for Lancaster County.

SHELLEY, J., September 9, 1968.—This matter is before us on (1) defendants' preliminary objections raising question of jurisdiction and in the nature of demurrer to plaintiff's complaint in mandamus, and (2) plaintiff's motion for a summary judgment pursuant to Rule 1098 of the Pennsylvania Rules of Civil Procedure.

The Commonwealth of Pennsylvania, on the relation of the Attorney General and at the instance of the Secretary of Health, filed a complaint in mandamus to compel the Borough of Strasburg to equip its water works with disinfection facilities and to disinfect the water supplied to its consumers, pursuant to section 10 of Rules and Regulations of the Commonwealth of Pennsylvania, Department of Health, which became effective on January 1, 1964, and provides that:

"Only disinfected water shall be served to the public. All water supplies shall be equipped with facilities

necessary to continuously apply to all water served a disinfectant approved by the Department. These facilities shall provide a readily measurable residual as the water enters the distribution system".

The complaint discloses that the Borough of Strasburg, Lancaster County, Pa., has operated a public water supply for at least 70 years and presently serves approximately 1,400 consumers residing in the borough and surrounding townships. The water is supplied from springs which were approved by the Department of Health under Permit No. 5888 issued on January 10, 1940. The Commonwealth alleges that the water supplied to the consumers is not disinfected nor does the water works contain disinfection facilities.

Defendants assert that the Court of Common Pleas of Dauphin County lacks jurisdiction to compel the Borough of Strasburg and its elected officials to comply with the regulations of the Department of Health inasmuch as the defendants are situated in and their acts necessarily must be performed in Lancaster County. In short, they state in effect that the Dauphin County Court can only entertain a mandamus action against a defendant located or performing its duties in Dauphin County.

The question or test of jurisdiction was defined in Witney v. Lebanon City, 369 Pa. 308, 311, 312 (1952), as follows:

". . . even though a plaintiff have no standing to bring his action, even though his complaint be demurrable, even though he fail to establish its allegations, even though the court should finally conclude that the relief he seeks should not be granted, not any or all of these circumstances would enter into, much less determine, the question whether the court had jurisdiction of the litigation. We there pointed out that the test of jurisdiction was the competency of the court to determine controversies of the general class

to which the case presented for its consideration belonged,—whether the court had the power to enter upon the inquiry, not whether it might ultimately decide that it was unable to grant the relief sought in the particular case; . . ."

In Commonwealth v. South Williamsport Borough, 78 Dauph. 23 (1961), this court held that the Dauphin County Court has jurisdiction to entertain a mandamus action against a borough in another county to compel it to abate its discharge of sewage and to construct a treatment works. Although the Clean Streams Law, Act of June 22, 1937, P. L. 1987, 35 PS §691.210, authorized an action in mandamus to enforce the act, it made no mention of which court had jurisdiction. The court said, at page 26:

"There seems to be no doubt whatsoever that this court has jurisdiction to determine the general class of controversy here involved for courts of common pleas have the power to issue writs of mandamus. Act of June 8, 1893, P. L. 345, as amended, (12 PS 1911) ; and Pa. R.C.P. 1092(a) provides: 'An action [in mandamus] brought by the Commonwealth on the relation of the Attorney General may be brought in Dauphin County in all cases' ".

Section 1 of the Act of June 8, 1893, P. L. 345, as amended, 12 PS §1911, provides:

"The several courts of common pleas shall, within their respective counties, have the power to issue writs of mandamus to all officers and magistrates elected or appointed in or for the respective county, or in or for any township, district, or place within such county, . . . Provided, The relief, act, duty, matter, or thing, the performance of which is sought, should be given or performed within such county; . . ."

Venue of mandamus actions by the Commonwealth, on the relation of the Attorney General, is laid in Dauphin County by statute and by Rule 1092 of the

Pennsylvania Rules of Civil Procedure. Section 1 of the Act of April 7, 1870, P. L. 57, as amended, 17 PS §255, provides:

"The court of common pleas of the county of Dauphin and the judges of the orphans' court of the Dauphin County are hereby clothed with jurisdiction, throughout the State, for the purpose of hearing and determining all suits, claims and demands whatever, at law and in equity, in the court of common pleas of said county, in which the Commonwealth may be the party plaintiff for accounts, unpaid balances, unpaid liens, taxes, penalties and all other causes of action, real, personal and mixed".

The constitutionality of the Act of 1870 was determined in Pennsylvania Public Utility Commission v. Israel, 356 Pa. 400 (1947).

Rule 1092 of the Pennsylvania Rules of Civil Procedure provides:

"Rules 1092.  Venue

(a)  An action brought by the Commonwealth on the relation of the Attorney General may be brought in Dauphin County in all cases. Such actions may also be brought

(1)  in the county where a political subdivision is located when the action is against the political subdivision or an officer thereof".

In commenting on Rule 1092, Goodrich-Amram §1092(a)-1 states that "Actions of Class 2 [those brought by the Attorney General against a political subdivision to enforce public rights and duties] may be brought in Dauphin County, or at the option of the Attorney General, may be brought in the county in which the political subdivision is located".

Therefore, it is quite evident that the Court of Common Pleas of Dauphin County is empowered to issue writs of mandamus by the Act of 1893 and that the Act of 1870 and Rule 1092 place in Dauphin County

venue of an action by the Commonwealth against a political subdivision in Lancaster County.

Defendants demurred to the complaint on the ground that section 14 of the regulations of the Department of Health provides an adequate remedy at law. Section 14 merely provides that the Department of Health may revoke, suspend or modify a permit to serve water to the public and prescribes the procedure to be followed. It does state, however, that it does not affect the right of the department to issue cease and desist orders when necessary to protect the public health.

There are very few laws requiring permits or licenses which at the same time do not provide for the suspension, revocation or modification of such permits or licenses. There are certain situations where the administrative agency needs to exercise this power for the proper administration and enforcement of the law where it is a practical solution to the problem. For example, prohibiting a person from operating a restaurant or from practicing a profession by revoking or suspending a license is an appropriate remedy and no particular consequence to the patrons, patients or public. On the other hand, such administrative practice may not only be impractical but may even be detrimental to the public interest. Imagine the problems which would arise if a town's entire water supply were cut off or if a sewage treatment plant were required to shut down. There may be some isolated instances, as where a system has been abandoned or not in operation, where this remedy would be appropriate but it certainly is not appropriate or practical under the circumstances herein presented. Revoking or suspending a permit is primarily punitive rather than remedial in nature. In this action, the Commonwealth is seeking remedial action and not punishment.

There is a distinction between a remedy to compel the performance of a duty and punishment for the non-performance of a duty. As stated in Commonwealth ex rel. Schaffer v. Wilkins, 271 Pa. 523 (1922), at page 529:

"It is well established that the existence of a remedy by indictment for the omission of duty or other grievance complained of, constitutes no objection to granting the extraordinary aid of a mandamus. An indictment, at the most, is merely punitive, and not remedial in its nature, and can only punish the neglect of duty, without compelling its performance. It cannot, therefore, take the place or usurp the functions of a mandamus, which affords specific relief by commanding the performance of the identical thing sought".

To preclude mandamus because of an adequate remedy at law, the remedy available to plaintiff must be a clear and present right to a proceeding at law to compel defendant to correct the wrongs complained of: David W. Green v. Supervisors of Forks Township, 36 Northamp. 371 (1962). And a "remedy is that which is used to enforce a right or the performance of a duty and unless it reaches the end intended, and actually compels performance of the duty, it is not adequate": Overseers of Porter Township v. Overseers of Jersey Shore, 82 Pa. 275, 278 (1876). "If the defendant wishes to challenge the right to bring the action of mandamus in this respect, the burden is upon him to deny this averment and to establish the adequacy of another legal remedy". 3 Anderson Pa. Civ. Pract., §1095.7, p. 475.

In this case plaintiff seeks the performance of a duty, i.e., to install and operate disinfection facilities, and does not seek to punish defendants for failing to perform the duty. Furthermore, the revocation or suspension of the permit would prohibit the operation of the water works and would create a serious health

hazard to the users of the water supply. Under such circumstances, mandamus is the only appropriate and adequate remedy at law.

This brings us to plaintiff's motion for summary judgment. Paragraphs 8 and 10 of the complaint, which aver:

"8. The Borough does not serve disinfected water nor does it have facilities with which to apply disinfectants to the water.

"10. Plaintiff avers that a summary judgment in its favor is required as the Defendants have no legal excuse for failing to comply with the Rules and Regulations of the Department of Health and immediate compliance is required in the public interest to prevent disease and to protect the lives and health of the public", raise questions of fact that must be resolved and a summary judgment is improper where the case is not clear and free from doubt. This rule is particularly applicable to the extraordinary remedy of mandamus where the right to the issuance must clearly appear: Gaul v. Philadelphia, 384 Pa. 494 (1956) ; and it is apparent that there is no valid excuse for nonperformance by defendant: Smith v. Rowland, 353 Pa. 142 (1945).

Considering what we have said above, we conclude that the motion of plaintiff for summary judgment must be denied.

Accordingly, we make the following

ORDER

And now, September 9, 1968, plaintiff's motion for summary judgment is denied, defendants' preliminary objections are dismissed and defendants are directed to answer the complaint in mandamus within 20 days from the date of this order. The prothonotary is directed to notify the parties or their counsel of this order.