

# The Attorney General of Texas

December 20, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
Dallas County
Sixth Floor, Records Building
Dallas, Texas 75202

Opinion No. H- 1297

Re: Constitutionality of article 104lb, Code of Criminal Procedure, relating to vacations for jailers.

Dear Mr. Wade:

You have requested our opinion concerning the construction of article 104lb of the Code of Criminal Procedure which provides:

Vacations for jailers, jail guards and matrons

Every member of the sheriff's department assigned to duty as jailer, jail guard, or jail matron at any county jail in any city of more than twenty-five thousand (25,000) inhabitants shall be allowed fifteen (15) days vacation in each year with pay, not more than two (2) members to be on vacation at the same time; provided that the provisions of this Section of this Act shall not be applied to any such jailer, jail guard, or jail matron in any city of more than twenty-five thousand (25,000) inhabitants, unless such member shall have been regularly employed as such jailer, jail guard, or jail matron for a period of at least one year.

Each preceding Federal Census shall determine the population.

The sheriff having supervision of the county jail shall designate the days upon which each jailer, jail guard, or jail matron shall be allowed to be on vacation.

The sheriff having supervision of the county jail in any such city who violates any provision of this Article shall be fined not less than Ten Dollars ($10) nor more than One Hundred Dollars ($100).

The basic purpose of this statute is to give a statutory vacation period to jail guards, jailers and jail matrons who work in the county jail of a larger metropolitan area.  Your question involves the conflict which arises in larger counties where it is impossible to provide each jailer, jail guard or jail matron with 15 days vacation and to schedule the vacations so that no more than two are on vacation at any one time.  This situation occurs when there are at least 35 employees who are entitled to vacation during the year.  We believe the clear intent of the legislature was to require that a sufficient number of jail personnel is always present to insure adequate security.  It is doubtful that the legislature contemplated that there might be counties employing a jail staff which is so large that it is impossible to provide 15 days vacation for each employee unless more than two are on vacation at the same time.  We believe that the statute must be interpreted to reflect the legislative intent and that each jail guard, jailer or jail matron who has been employed for at least one year is entitled to an annual vacation of 15 days even though it may result in more than two employees being on vacation at the same time.  The sheriff should insure that the legislative intent is fulfilled by arranging the vacations so that adequate security is always provided.  See generally V.T.C.S. art. 5115.1, S 9(a)(3).

You ask how the 15 day period is to be calculated.  A Court of Civil Appeals has construed a statute very similar to 1041b which provided that members of fire departments in cities of more than 30,000 inhabitants were to be given 15 days vacation.  In the dispute over whether or not vacation time had been given, the court reasoned that a day of vacation is a day off from work which would otherwise be a normal working day but for the vacation.  Coffman v. City of Wichita Falls, 374 S.W.2d 798 (Tex. Civ. App. — Fort Worth 1964, writ ref'd).  This definition excludes legal holidays and other non working days from being included in the 15 day vacation period to be given jail guards.  See also Attorney General Opinion V-1072 (1950).

### S U M M A R Y

Jail guards who have regularly been employed as such for one year receive 15 days vacation from work.  The prohibition against more than two guards on vacation at the same time is ineffective if impossible to comply with.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn