

# The Attorney General of Texas

January 31, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill M. White
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas 78205

Opinion No. MW-136

Re: Vacations for jailers in Bexar
County.

Dear Mr. White:

You have asked us to determine the law governing the allowance of vacation time for sheriff's deputies assigned jail guard duty at the Bexar County jail.

Article 1041b, Code of Criminal Procedure, specifies, in part:

> Every member of the sheriff's department assigned to duty as jailer, jail guard, or jail matron at any county jail in any city of more than twenty-five thousand (25,000) inhabitants shall be allowed fifteen (15) days vacation in each year with pay.

You suggest this statute conflicts with the authority conferred upon the commissioners court by article 2372h, V.T.C.S.

The latter statute, enacted several years later than article 1041b, provides that commissioners courts in counties having a population of 500,000 or more shall have authority to formulate rules and regulations governing the hours of work, sick leave, medical care, and vacations, among other things, for certain county officers and employees, including deputy sheriffs. Section 1 of article 2372h clearly states:

> ... but all such regulations with respect to deputies ... shall conform to laws now in effect or as may hereafter be enacted by the Legislature. ...

Article 1041b no longer controls, however. The enactment in 1971 of article 3912k, V.T.C.S., repealed every prior law to the extent it prescribed "the compensation, office expense, travel expense, or any other allowance for any official or employee" covered by the new statute. V.T.C.S. art. 3912k, § 8. Deputy sheriffs acting as jailers are covered by article 3912k. Attorney General Opinion H–1161 (1978). Cf. Attorney General Opinion

H-985 (1977) (deputy sheriffs not covered by civil service laws). Vacation benefits are a form of compensation. Attorney General Opinions H-941 (1977); H-51 (1973). See Coffman v. City of Wichita Falls, 374 S.W.2d 798 (Tex. Civ. App. — Fort Worth 1964, writ ref'd). Thus, to the extent that article 1041b purports to prescribe vacation benefits for sheriff's deputies, it has been repealed. See Attorney General Opinion H-572 (1975).

Under the first section of article 3912k, the commissioners court has authority to fix the amount of compensation, office expense, travel expense, and all other allowances for such deputies paid wholly from county funds, provided that

> . . . in no event shall such salaries be set lower than they exist[ed]
> at the effective date of this Act. (Emphasis added).

In the past, this office has made a distinction between the terms "compensation" and "salaries" as used in article 3912k, considering the former to be a broad term inclusive of the latter. Attorney General Opinion H-335 (1974). But vacation entitlement and sick leave benefits have been considered "salary." Attorney General Opinions H-1142 (1978); H-860 (1976); M-1252 (1972). See Hairston v. Richie, 338 S.W.2d 263 (Tex. Civ. App. — Fort Worth 1960, no writ); Attorney General Letter Advisory No. 89 (1975). At the time article 3912k was enacted, the vacation entitlement of deputy sheriffs acting as jailers was set by article 1041b at fifteen days per year.

Although the prohibitory proviso of article 3912k prevents the commissioners court from reducing the salaries paid at the time it took effect, it does not prevent it from changing the form in which those salaries are paid. Cf. Attorney General Opinion H-429 (1974). Since articles 2372h, V.T.C.S., and 1041b, Code of Criminal Procedure, no longer control the vacation policy of the Bexar County Commissioners Court with respect to deputy sheriffs serving as jailers, the commissioners court need not allow such deputies more vacation entitlement — a particular form of salary — than it allows others, so long as it does not reduce the total value of their salaries below the total value of the salaries applicable to those positions when article 3912k, V.T.C.S., became effective on January 1, 1972. Attorney General Opinion H-1142 (1978). See Broom v. Tyler County Commissioners Court, 560 S.W.2d 435 (Tex. Civ. App. — Beaumont 1977, no writ). Cf. Renfro v. Shropshire, 566 S.W.2d 688 (Tex. Civ. App. — Eastland 1978, writ ref'd n.r.e.).

We have not overlooked Attorney General Opinion H-1297 (1978), which concerned the construction of article 1041b, Code of Criminal Procedure. That opinion involved a more narrow question and did not address the relationship of article 1041b with article 3912k.

### S U M M A R Y

The Commissioners Court of Bexar County need not allow deputy sheriffs serving as jailers more vacation entitlement than it allows others, so long as it does not reduce their salaries (in whatever

forms such salaries are paid) below the salaries applicable to those positions when article 3912k, V.T.C.S, became effective.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood