471 A.2d 891

**Paul TIMBROOK, Administrator of the Estate of David M. Timbrook, Deceased**

v.

**FOREMOST INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued June 9, 1983.

Filed Feb. 10, 1984.

Petition for Allowance of Appeal Denied June 13, 1984.

386

Murray R. Garber, Bradford, for appellant.

Robert L. Saunders, Bradford, for appellee.

Before CERCONE, President Judge, and SPAETH and HESTER, JJ.

HESTER, Judge:

This is an appeal from the denial of a motion for directed verdict and for judgment *non obstante veredicto* (hereinafter judgment n.o.v.). Appellee, administrator of the estate of David M. Timbrook, sought and recovered an award against appellant as the insurer of the deceased. Appellant argues on appeal that the lower court erred in not granting

its motions for a directed verdict and judgment n.o.v. We agree and, therefore, we reverse.

■ The standard which we employ when reviewing the denial of a motion for directed verdict and a motion for judgment n.o.v. is the same. We will only reverse the lower court when we find "an abuse of discretion or an error of law which controlled the outcome of the case." *McDevitt v. Terminal Warehouse Co.*, 304 Pa.Super. 438, 442, 450 A.2d 991, 993 (1982). In ruling upon these motions, the trial judge must consider "the evidence, together with all reasonable inferences that may be drawn therefrom ... in the light most favorable to the verdict winner." *Carrender v. Fitterer*, 310 Pa.Super. 433, 436, 456 A.2d 1013, 1014 (1983). Accepting as true all facts and proper inferences which tend to support the contention of the party against whom the motion has been made, and rejecting all testimony and inferences to the contrary, the trial judge must grant said motions when no two reasonable minds could differ that, as a matter of law, the party has failed to make out his case. *Thomas v. Allegheny & Eastern Coal Co.*, 309 Pa.Super. 333, 455 A.2d 637 (1982).

The evidence adduced at the one-day trial was undisputed and uncontradicted.[1] Decedent was a career forester. Following his graduation from college, where he was awarded a degree in forestry, he was hired by the state of Washington as a forest fire-fighter. From May, 1976, until the date of his death, August 21, 1979, he was employed by Columbia Helicopters, a company engaged in harvesting timber. During this period he worked in Canada, Washington, Oregon, Montana, and three different locations in Idaho as a logger or woods boss. Since housing accommodations were difficult to locate in these areas, the decedent purchased a trailer. This trailer constituted his sole residence from the date of its acquisition in 1977 until the date of his death. He had no residence in Idaho or in any location in the Pacific northwest other than the aforemen-

---

1. The only witness to testify at trial was appellee, father of the deceased.

tioned trailer. The decedent died as the result of a logging accident which occurred while he was engaged in the course of his employment as a woods boss.

The decedent had maintained a policy of liability insurance on his travel trailer. Under the caption entitled "Scheduled Medical Benefits Coverage," the policy stated:

> "We'll pay YOU for a described injury YOU sustain when using YOUR travel trailer as a vacation residence." (Emphasis in original).

One such described injury was the loss of life; in that event, the policy provided for the payment of $10,000 to the estate of the insured. The policy specifically omitted coverage for "claims arising out of YOUR business pursuits."

Appellant contended that the decedent's use of the vehicle as a residence while on the job precluded recovery pursuant to the terms of the agreement. The jury entered a verdict for appellee and awarded $10,000 to the decedent's estate. Motions for a directed verdict and for judgment n.o.v. were denied by the lower court.

 We believe that the trial judge committed an error of law. The construction of a written contract of insurance is a matter of law for the court. *Adelman v. State Farm Mutual Insurance Co.*, 255 Pa.Super. 116, 386 A.2d 535 (1978). However, courts do not enjoy a license to rewrite the terms of a policy or to bestow upon the words a construction which clearly conflicts with the accepted and plain meaning of the language used. *Id.; Pennsylvania Manufacturers Association Insurance Co. v. Aetna Casualty & Surety Insurance Co.*, 426 Pa. 453, 233 A.2d 548 (1967). "Vacation" has been previously defined by this court as:

> "a recess or leave of absence, a respite from active duty; an intermission or rest period during which activity or work is suspended. It is a period of freedom from duty but not the end of employment."

*Dauber's Case,* 151 Pa.Super. 293, 296, 30 A.2d 214, 216 (1943). Clearly, reasonably intelligent men, upon reading

the challenged language in this policy, "would not honestly differ as to its meaning." *Celley v. Mutual Benefit Health and Accident Association,* 229 Pa.Super. 475, 481–82, 324 A.2d 430, 434 (1974). The word "vacation," then, cannot be characterized as ambiguous.

■ There was no evidence proffered by appellee to substantiate a conclusion that any use of the vehicle made by the insured at the date and time of the accident came within the meaning of the term "vacation" as so defined by either this court or according to its plain and ordinary meaning. It is true that the deceased was using the trailer as a residence, but he was not killed while on vacation, nor while the vehicle was being used as a vacation residence. The decedent had lived nowhere else for several years. He was engaged in his normal occupation at the time of his tragic death. His daily schedule involved leaving the trailer in the morning, working in the forest during the day, and returning to the trailer at the conclusion of his labors. It was his home.

The uncontroverted facts as revealed at trial cannot, in an untortured fashion, meet the qualifications necessary for recovery under this policy. Appellee introduced no testimony that the insured was utilizing the trailer as a vacation vehicle at the time of the accident.

Thus the evidence, even when viewed in the light most favorable to appellee, simply reveals no evidentiary support for his position. Since there was no . dispute as to the admitted facts, this case should not have been submitted to the jury. Appellant's motion for a directed verdict and judgment n.o.v. should have been granted.

■ We therefore reverse the order of the lower court denying appellant's post-trial motions and enter judgment for appellant.[2]

SPAETH, J., filed a concurring statement.

2. In light of our disposition of this case, there is no need to grant appellant's request for the lesser relief of a new trial. However, we do

390

SPAETH, Judge, concurring:

The question whether appellee is entitled to recover under the insurance policy does not turn on whether the decedent was on vacation at the time of his death, as the majority suggests. The policy covers "injur[ies] ... sustain[ed] when using YOUR travel trailer as a vacation residence." The policy does not define "vacation" or "vacation residence". Had decedent been killed while "using" the vehicle, he would have been "using [the vehicle] as a vacation residence", for that's what the vehicle was. But since decedent was not killed while using the vehicle, appellee is not entitled to recover under the policy, and judgment n.o.v. is proper.

concur that the lower court also committed reversible error in its charge to the jury. The issue was not whether the trailer was a vacation residence, as the trial judge framed the question, but rather whether the decedent was using the trailer as a vacation residence at the time of his death. As we stated above, there being no factual dispute, and no proof to support appellee's case, judgment must be entered for appellant.