## Duszczyk v. Emergency Fire Equipment Company

*Thomas J. Barnes,* for plaintiff.
*Andrew J. Gallogly,* for defendant.

BROWN, *J.,* June 29, 1987—Plaintiff's decedent, Marian Duszczyk, was a welder in the employ of de-

fendant Emergency Fire Equipment Co. On December 22, 1983, while enroute to work, he suffered serious bodily injury in an accident which led to his death.

His employers, Tracey and the Wizoreks, withheld part of his salary pursuant to an agreement to purchase medical insurance for him. However, they allowed the medical coverage to lapse in October 1983, and converted the funds to their own use. Consequently, Duszczyk was uninsured at the time of the accident and the full burden of his medical expenses fell on him and his wife.

As adminstratrix of her husband's estate and in her own right, Helen Duszczyk commenced an action in Philadelphia County alleging that defendants had fraudulently and intentionally breached a contractual undertaking to provide decedent with major medical insurance coverage, improperly withheld funds from decedent's salary for this purpose, and negligently failed to advise decedent of the lack of medical coverage or to renew the policy following its cancellation. Judgment was entered against defendants by default in the amount of $1 million on September 24, 1985.

Helen Duszczyk then filed a writ of execution in this county, naming Penn-America Insurance Co. as garnishee. Penn-America insures Emergency Fire under a comprehensive general liability policy and Duszczyk seeks to recover under it. Penn-America contests Duszczyk's right to any recovery under the policy. Eventually, both parties filed motions for summary judgment. We granted Penn-America's motion and denied Duszczyk's on February 18, 1987. She now appeals.

Under Pa.R.C.P. §1035, an entry of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The only matter in question is the construction of the insurance policy; an issue properly resolved on a motion for summary judgment. *Vale Chemical Co. v. Hartford Accident and Indemnity Co.,* 340 Pa. Super. 510, 490 A.2d 896 (1985). Construction of a contract of insurance is a matter of law. Courts have no license to rewrite the terms of a policy or to bestow upon the words a construction which clearly conflicts with the accepted and plain meaning of the language used. *Timbrook v. Foremost Insurance Co.,* 324 Pa. Super. 384, 471 A.2d 891 (1984). Specifically, a court may not require an insurance company to expand coverage beyond that provided in the policy.

Duszczyk advances two arguments in support of her claim that Penn-America must provide coverage to defendants. Under the policy, the insurance does not extend to "liability assumed by the insured under any contract or agreement except an incidental contract." An incidental contract "includes any contract or agreement relating to the conduct of the named insured's business." According to Duszczyk, Emergency Fire's arrangement to purchase medical insurance out of funds withheld from Marian Duszczyk's salary was a "contract or agreement relating to the conduct" of its business.

Emergency Fire's business is the erection, installation or repair of sheet metal and the servicing, refilling or testing of fire extinguishers. Its agreement to secure medical coverage had nothing to do with the conduct of its business.

Duszczyk's second contention, on which she places greater emphasis, involves an interpretation of the "Bodily Injury and Property Damage Liability

Coverage" portion of the policy. That section reads in pertinent part:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

"A. bodily injury, or

"B. property damage

"to which this insurance applies, caused by an occurrence,. . . ."

Occurrence is defined as:

". . .an accident, including continuous or repeated exposure to conditions which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

Duszczyk states that defendants' action in diverting the funds to their own use and allowing the medical insurance to lapse proximately caused her husband's death and damage to her. She characterizes these injuries as "accidental" because "in cancelling the health insurance, [defendants] did not intend to bring about the injuries, they simply sought to save money." Thus such transaction falls within the scope of the policy. The argument is ingenious, perhaps, but it borders on the preposterous.

Marian Duszczyk's injuries cannot be ascribed to any conduct of defendants. His injuries and death arose out of an independent incident for which they bear no responsibility. They voluntarily assumed an obligation to purchase the medical insurance; their failure to do so was no accident.

Pennsylvania appellate courts have yet to deal with this issue, but other jurisdictions have done so. In *Action Ads Inc. v. Great American Insurance Co.*, 685 P.2d 42 (Wyo., 1984), an insured employer brought an action against its comprehensive general liability insurer, alleging that the insurer had

wrongfully refused to defend it in an employee's action against it for breach of obligation to obtain insurance coverage for him under their employment contract. The trial court granted summary judgment for the insurer. In affirming, the Supreme Court of Wyoming held that the policy's provision that the insurer would pay all sums which the insured became legally obligated to pay as damages because of bodily injury or property damage encompassed only liability based on tortious conduct and did not extend to liability arising from breach of contract. To similar effect, see *Continental Insurance Co. v. Bussell,* 498 P.2d 706 (Alaska, 1972).

The parallel between this case and *Action Ads,* is clear, and the Wyoming court's reasoning persuasive. The liability of Emergency Fire, Tracey and the Wizoreks arises not from their negligent behavior, but from their breach of a contractual obligation by the intentional conversion of funds of decedent Duszczyk.

The cases Duszczyk cites are distinguishable. *Mohn v. American Casualty Co.,* 458 Pa. 576, 326 A.2d 346 (1974) concerned tortious liability, while in *Eisenman v. Hornberger,* 438 Pa. 46, 264 A.2d 673 (1970) the insured was injured while engaged in criminal activity. In neither case was the gravamen of the action a breach of contract.