# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Samuels,                    :
                                    :
              Appellant             :
                                    :
       v.                           : No. 1293 C.D. 2018
                                    : Submitted: June 19, 2020
Jerome W. Walsh, Vincent Kopec,     :
Daniel Zielen, Timothy Clark,       :
Jeffrey Gibson, Michael Keyes,      :
William Lewis, Charles McKeown,     :
Dorina Varner and John Doe          :


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                          FILED: March 23, 2021


     Gregory Samuels (Inmate) appeals *pro se* from the order of the Luzerne County Court of Common Pleas (trial court) denying his Motion for Post Trial Relief and/or a New Trial. We affirm.

     This Court has previously summarized the facts and procedural history of this case as follows:

> [Inmate] initially instituted this action [against Pennsylvania Department of Corrections (Department) employees, Jerome W. Walsh (Walsh), Vincent Kopec, Daniel Zielen (Zielen), Timothy Clark (Clark) , Jeffrey Gibson (Gibson), Michael [Keyes (Keyes)], William Lewis (Lewis), Charles McKeown, [Dorina Varner,] and [] additional unknown correction officer defendants (collectively, Defendants),] on February 9, 2012. On July 12, 2013, he filed an amended complaint (Amended Complaint), in which he alleged that after he was

transferred to [the State Correctional Institution at Dallas (SCI-Dallas)] on a promotional transfer, he filed a grievance challenging the modification of his working hours and pay rate. [Inmate] further claimed that while working on SCI-Dallas compound work detail on August 26, 2011, he was falsely accused of misconduct in retaliation for filing the grievance, and that he was immediately transferred to the Restricted Housing Unit (RHU) without being permitted to return to his cell. [Inmate] maintained that his personal property and legal documents were left unattended and unsecured in the cell he shared with another inmate. He also alleged that as a result of Defendants' negligence and/or intentional conduct in failing to secure his property while he was housed in the RHU, certain of his personal property and legal documents were lost. In addition, [Inmate] averred that he filed numerous grievances regarding the purported property loss, but the grievances were improperly investigated and denied in violation of his constitutional rights.

On July 24, 2013, Defendants filed preliminary objections to the Amended Complaint in the nature of a demurrer, contending that: (1) [Inmate] failed to state a claim against Defendants; (2) any loss of property was caused by intervening third parties; (3) [Inmate] failed to identify a duty and how its violation caused him damages; (4) Defendants are immune from suit for intentional torts; (5) [Inmate's] claim fails under an implied bailment analysis; and (6) the denial of inmate grievances does not rise to the level of a constitutional violation. On November 4, 2013, the trial court sustained Defendants' preliminary objections and dismissed [Inmate's] action with prejudice.

*Samuels v. Walsh* (Pa. Cmwlth., No. 318 C.D. 2014, filed November 17, 2014), slip op. at 2 (footnote omitted).

On appeal to this Court, Inmate argued:

[T]he trial court erred when it held that he had failed to state a claim upon which relief may be granted. He specifically allege[d] that Defendants acted intentionally

2

to deprive him of his property. He further assert[ed] that Defendants were negligent—that upon his assignment to the RHU, Defendants had a duty to secure and protect his property; that Defendants were negligent in failing to do so; and as a result of their negligence, his property was lost or stolen. He also argue[d] that sovereign immunity does not bar his claims. Finally, he maintain[ed] that Defendants' conduct was retaliatory.

*Samuels*, slip op. at 3-4.

Initially, this Court concluded that "[b]ecause [Inmate's] intentional tort allegations pertain to Commonwealth employees' conduct occurring in the scope of their work duties, those claims are barred by sovereign immunity," and affirmed the trial court's order dismissing that claim. *Samuels*, slip op. at 4, 12. Likewise, we concluded that Inmate's "claim challenging the manner in which Defendants investigated and resolved his personal property grievances was properly dismissed," and affirmed the trial court's order in this regard as well. *Id.*, slip op. at 11, 12.

However, with respect to Inmate's claim sounding in negligence, this Court found that the averments in Inmate's Amended Complaint "clearly include facts to support [his] allegations that consistent with Department policies and regulations, Defendants had a duty to secure and protect [his] property," that "[t]he averments further contain facts supporting [his] allegations that Defendants breached their duty to do so and, as a result, [his] property was lost," and that "[a] factfinder could conclude that it was reasonably foreseeable that in a prison, an inmate's personal property would be misplaced or stolen if not secured." *Samuels*, slip op. at 9-10. As a result, we concluded that Inmate's Amended Complaint "sufficiently alleges a claim for negligence," reversed the trial court's order dismissing this claim, and remanded the matter for further proceedings on this claim. *Id.*, slip op. at 12 (footnote omitted).

3

Likewise, with respect to Inmate's retaliation claim, this Court found that Inmate "alleges that because he filed the grievance challenging the improper modification of his working hours and pay rate, Defendants falsely accused him of an unrelated incident of misconduct, they placed him in the RHU, and they left his property unsecured in his cell leading to its loss." *Samuels*, slip op. at 10-11. We concluded that "[b]ecause [Inmate's] Amended Complaint sufficiently states a retaliation claim, the trial court erred when it sustained Defendants' preliminary objections," and remanded the matter for further proceedings on this claim as well. *Id.*, slip op. at 11, 12 (footnote omitted).

Following remand to the trial court,[1] a jury trial commenced on March 5, 2018. At the conclusion of Inmate's case-in-chief, Defendants interposed a motion for a compulsory nonsuit as to all of Inmate's claims. Following argument, the trial court ruled that Inmate's retaliation claim could proceed against Walsh and Lewis's Estate only, granting nonsuit on that claim as to the remaining Defendants, and that the negligence claim could continue against Clark, Zielen, Gibson, and Keyes, granting nonsuit on that claim as to the remaining Defendants. On March 8, 2018, the jury rendered a verdict in favor of Defendants and against Inmate. On March 21, 2018, Inmate filed a Motion for Post Trial Relief and/or a New Trial. On July 23, 2018, following oral argument, the trial judge denied Inmate's Motion and Inmate filed the instant appeal.

On appeal, Inmate argues: (1) the jury verdict is manifestly against the weight of the evidence;[2] (2) the trial court committed reversible error for

---

[1] On April 7, 2015, Defendants filed a Suggestion of Death as to Lewis, who died on February 21, 2015.

[2] The Pennsylvania Supreme Court has explained:

**(Footnote continued on next page…)**

4

denying his motion for a directed verdict;[3] (3) the trial court's jury instruction on the retaliation claim constitutes reversible error;[4] and (4) the trial court abused its

---

**(continued…)**

> Appellate review of a weight [of the evidence] claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (citations omitted).

[3] The Pennsylvania Superior Court has observed:

> The standard which we employ when reviewing the denial of a motion for directed verdict and a motion for judgment n.o.v. is the same. We will only reverse the lower court when we find "an abuse of discretion or an error of law which controlled the outcome of the case." In ruling upon these motions, the trial judge must consider "the evidence, together with all reasonable inferences that may be drawn therefrom . . . in the light most favorable to the verdict winner." Accepting as true all facts and proper inferences which tend to support the contention of the party against whom the motion has been made, and rejecting all testimony and inferences to the contrary, the trial judge must grant said motions when no two reasonable minds could differ that, as a matter of law, the party has failed to make out his case.

*Timberbrook v. Foremost Insurance Co.*, 471 A.2d 891, 892 (Pa. Super. 1984) (citations omitted).

[4] The Pennsylvania Supreme Court has noted:
**(Footnote continued on next page…)**

5

discretion in denying his Motion for a New Trial because the jury verdict is manifestly against the weight of the evidence.[5]

However, after reviewing the record, Inmate's *pro se* appellate brief, and the law, we conclude that the foregoing issues have been ably resolved in the thorough and well-reasoned opinion of the Honorable Lesa S. Gelb. Accordingly, we affirm the trial court's order on the basis of her opinion in *Samuels v. Walsh* (C.P. Luzerne, Civil Action No. 2012-01512, filed February 14, 2019).

---

**(continued…)**

> In examining jury instructions, our scope of review is limited to determining whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case. Error in a charge is sufficient ground for a new trial if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. A charge will be found adequate unless "the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to a fundamental error." In reviewing a trial court's charge to the jury we must look to the charge in its entirety. Because this is a question of law, this Court's review is plenary.

*Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1069-70 (Pa. 2006) (citations omitted).

[5] *See supra* n.2.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Samuels,                 :

                                 :

             Appellant   :

                                 :

            v.           :  No. 1293 C.D. 2018

                                 :

Jerome W. Walsh, Vincent Kopec,   :

Daniel Zielen, Timothy Clark,     :

Jeffrey Gibson, Michael Keyes,    :

William Lewis, Charles McKeown,  :

Dorina Varner and John Doe     :

**PER CURIAM**

# **O R D E R**

AND NOW, this 23rd day of <u>March</u>, 2021, the order of the Luzerne County Court of Common Pleas dated July 23, 2018, is AFFIRMED.