529 A.2d 3

**Paul H. FLECK**

v.

**DURAWOOD INC. and Sears Roebuck & Company, Appellants.**

Superior Court of Pennsylvania.

Submitted June 8, 1987.

Filed July 17, 1987.

124

G. Alexander Bochetto, Philadelphia, for appellants.

Malcolm H. Waldron, Jr., Philadelphia, for appellee.

Before CIRILLO, President Judge, and TAMILIA and WATKINS, JJ.

TAMILIA, Judge:

Appellants, Durawood, Inc. (Durawood) and Sears, Roebuck and Company (Sears), appeal from an Order by the trial court which denied their motion for new trial or judgment n.o.v. This Court reverses the lower court's denial of appellant/Sears' motion for judgment n.o.v. but will permit the verdict to stand as to Durawood.

At trial, appellee sought recovery of commissions he allegedly earned as a salesman of kitchen improvement jobs. A jury awarded appellee recovery against both defendants. Appellee was hired by Durawood (T.T. 10/2/86, p. 84). Durawood had an arrangement with Sears whereby Durawood would manufacture and sell kitchen improvement jobs, advertising under the Sears name and using Sears' warranties (T.T. at 83). Durawood would receive calls from potential customers and would then send a sales representative to the customers' homes to enter a contract with the customer (T.T. at 85). Customers were to pay the

sales representative who would turn the money over to Durawood. Durawood then would give the salesman a certain commission, figured according to guidelines, and would pay Sears an amount for use of its name (T.T. at 85).

During questioning at trial, appellee testified Sears had never hired him, Sears never told him they would pay him a commission, he had never received nor did he expect to receive any money from Sears, his employment was really with Durawood and not Sears and he did not expect any recovery to come from Sears, but rather from Durawood (T.T. at 35).

■ The first issue on appeal is whether the trial court erred in not granting appellant's motion for nonsuit and motion for judgment n.o.v., since appellant urges there was no evidence from which the jury could have found against Sears. The trial court properly noted that the propriety of the court's action in not granting a motion for a nonsuit is not appealable. What is appealable is the trial court's Order denying a motion for judgment notwithstanding the verdict (Slip Op., Wallace, J., 3/5/87) (citing *Elder v. Orluck*, 334 Pa.Super. 329, 483 A.2d 474 (1984).

■ As to the trial court's denial of appellant/Sears' motion for judgment n.o.v., however, we find we must reverse. In *Timberbrook v. Foremost Insurance Co.*, 324 Pa.Super. 384, 471 A.2d 891 (1984), we outlined our scope of review:

The standard which we employ when reviewing the denial of a motion for directed verdict and a motion for judgment n.o.v. is the same. We will reverse the lower court when we find "an abuse of discretion or an error of law which controlled the outcome of the case." *McDevitt v. Terminal Warehouse Co.*, 304 Pa.Super. 438, 442, 450 A.2d 991, 993 (1982). In ruling upon these motions, the trial judge must consider "the evidence, together with all reasonable inferences that may be drawn therefrom ... in the light most favorable to the verdict winner." *Carrender v. Fitterer*, 310 Pa.Super. 433, 436, 456 A.2d 1013, 1014 (1983). Accepting as true all facts and proper inferences which tend to support the contention of the

party against whom the motion has been made, and rejecting all testimony and inferences to the contrary, the trial judge must grant said motions when no two reasonable minds could differ that, as a matter of law, the party has failed to make out his case. *Thomas v. Allegheny & Eastern Coal Co.,* 309 Pa.Super. 333, 455 A.2d 637 (1982). *Timberbrook, supra,* 324 Pa.Superior Ct. at 387, 471 A.2d at 892.

Additionally, in *Northwest Savings Ass'n v. Distler,* 354 Pa.Super. 187, 511 A.2d 824 (1986), this Court said the grant of a judgment notwithstanding the verdict may only be entered in a clear case where the facts are such that no two reasonable persons could fail to agree that the verdict is improper. *Id.* (citing *Olson v. Dietz,* 347 Pa.Super. 1, 500 A.2d 125 (1985); *Sperrazza v. Cambridge Mutual Fire Ins. Co.,* 313 Pa.Super. 60, 459 A.2d 409 (1983)).

The law to be applied in this matter was clear. "Pennsylvania follows the general rule that a person employed on a commission basis to solicit sales orders earns or is entitled to his commissions when the order is accepted by his employer." *Hazell v. Servomation Corp.,* 294 Pa.Super. 465, 440 A.2d 559 (1982) (quoting *Marcin v. Darling Valve and Mfg. Co.,* 259 F.Supp. 720, 723 (W.D.PA 1966); *Wilson Homestead Valve Mfg. Co.,* 217 F.2d 792, 798 (3rd Cir.1954); *Republic Foreign Products Co. v. Southwark Foundry & Machine Co.,* 269 Pa. 522, 525, 113 A.2d 74, 78 (1921)).

There was no evidence proffered by the appellee in this case that would substantiate a conclusion that appellee and Sears had ever been in any type of employer-employee relationship. In fact, it was established by testimony of appellee that he was hired by Durawood and not by Sears, he had never received nor did he expect to receive payment by Sears and he had never been promised a commission by Sears. Thus we believe the trial judge committed an abuse of discretion when he denied appellant/Sears' motion for judgment n.o.v.

█ Appellant's next allegation of error is that the trial judge greatly exceeded his authority and neutrality by

cross-examining defendant's only witness. To the contrary, after a review of the trial transcript, we conclude that the trial judge's questioning was necessary and did not display bias toward any party. In *Pratt v. Stein*, 298 Pa.Super. 92, 444 A.2d 674 (1982), we said:

'It is well settled that a trial court always has the right, and sometimes even the duty to interrogate witnesses, in order to clarify evidence,' or to elicit new information that is necessary to ensure a fair trial. *Commonwealth v. Hodge*, 246 Pa. Superior Ct. 71, 79, 369 A.2d 815, 819 (1977). A new trial is required, therefore, only when the trial judge's questioning amounts to an abuse of discretion. *Commonwealth v. Elmore*, 241 Pa. Superior Ct. 470, 476, 362 A.2d 348, 351 (1976). Because a charge of this nature is of the most serious type, however, " 'the record must clearly show prejudice, bias, capricious disbelief or prejudgment' " before an abuse of discretion will be found. *Kenworthy v. Burghart*, 241 Pa. Superior Ct. 267, 271–72, 361 A.2d 335, 338 (1976).

*Id.*, 298 Pa.Superior Ct. at 117, 444 A.2d at 687. There was no such abuse of discretion in the case at hand.

 The third issue on appeal is the trial judge's failure to charge the jury not to regard his questioning and tone of questioning as reflective of the witnesses' credibility. The record does not show that appellants took any exception to this omission on the trial judge's part, despite their previous request for the charge at sidebar. The issue, however, has not been preserved for our appeal. *See* Pa.R.C.P. 227.-1(b)(1) (post-trial relief may not be granted unless the grounds therefor ... were raised in pre-trial proceedings or by motion, objection, point for charge ... or other appropriate method at trial). The trial judge did, in fact, instruct the jury in his preliminary instructions that they should not take any questions that he might ask witnesses as any indication of his opinion as to how they should determine the issues of fact (T.T. at 10–11). Further, the judge told the jury, "You are not bound by any opinion you think counsel or I have expressed concerning the credibility of the witnesses, the weight of the evidence, or the facts proved

by the evidence on the inferences to be drawn from those facts." (T.T. at 15). These preliminary charges were sufficient to remind the jury of the judge's neutral stance.

The last point appellant brings for our review is that the trial judge failed to fully and properly charge the jury with regard to the law of offset. The trial judge did give the jury an instruction as to the law of offset, but appellants find error in this charge. Appellants did not take exception to those instructions nor did they request additional instructions. In *Broxie v. Household Finance Co.,* 472 Pa. 373, 372 A.2d 741 (1977), this Court stated that a party who neither specifically objects to a charge on a particular subject nor offers a specific point for charge waives its right to a judgment n.o.v. (or to appellate review of a trial court's denial of a motion for judgment n.o.v.). *Capan v. Divine Providence Hospital,* 270 Pa.Super. 127, 410 A.2d 1282 (1980) and cases cited therein. Accordingly, we are not free to review this allegation of error.

This Court reverses as to the trial court's denial of appellant/Sears' motion for judgment n.o.v. and holds that verdict shall stand as to appellant/Durawood.

Order reversed as to appellant/Sears and affirmed as to appellant/Durawood.

Jurisdiction relinquished.