J-S65028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ENTERPRISE RENT-A-CAR COMPANY OF PITTSBURGH, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TODD KOGER, | |
| Appellant | No. 301 WDA 2016 |

Appeal from the Judgment Entered on February 17, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): AR-14-003216

BEFORE:  LAZARUS, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 15, 2016**

Appellant, Todd Koger, appeals *pro se* from the judgment entered on February 17, 2016.  We affirm.

The factual background and procedural history of this case is as follows.  On August 30, 2013, Appellant entered into a rental agreement with Enterprise Rent-A-Car Company of Pittsburgh, LLC ("Enterprise").  That agreement provided for a 30-day rental period at a rate of $539.95 plus applicable taxes and fees.  The rental car was due back to Enterprise on September 29, 2013.  Appellant failed to return the rental car on that date and failed to pay the $35.99 daily rental charge incurred thereafter.

On October 17, 2013, Enterprise repossessed the rental car.  The rental car had a flat tire and the keys were missing.  Enterprise eventually

---

* Retired Senior Judge assigned to the Superior Court.

towed the car to a local car dealership for repair of the flat tire and replacement of the keys.

On November 4, 2013, Enterprise commenced this breach of contract action by filing a complaint in magisterial district court. On July 11, 2014, the magisterial district judge entered a judgment in favor of Enterprise and against Appellant in the amount of $812.67. On July 30, 2014, Appellant appealed to the Court of Common Pleas of Allegheny County ("the trial court").[1] On August 19, 2014, Enterprise filed a complaint in the trial court.

Thereafter,

[o]n September 3, 2014, [Appellant] filed a [m]otion for [l]eave to [p]roceed [i]n [f]orma [p]auperis[, along with a notice of removal,] and attached Enterprise's [c]ivil [c]omplaint, which was then pending before the [trial court. The United States District Court for the Western District of Pennsylvania (the "Federal Court")] denied [Appellant's m]otion and found that Enterprise's [c]omplaint had not been properly removed to the [Federal] Court.

---

[1] Appeals from the decisions of magisterial district judges are "conducted *de novo* in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas." Pa. R.C.P.D.J. 1007(A). In Allegheny County, such appeals are heard by a board of arbitrators. ***See*** Allegheny County Local Rule 1301(1)(C). The arbitrators' decision may then be appealed "not later than thirty days after the day on which the prothonotary makes the notation on the docket that notice of entry of the arbitration award has been provided[.]" Pa.R.C.P. 1308(a)(1). The trial on appeal is *de novo*. Pa.R.C.P. 1311(a). A judgment after that trial may be appealed to this Court. ***See*** Pa.R.A.P. 341(a). Appellant complied with these rules in taking his three appeals in this case.

***Dillard v. Borough of Wilkinsburg***, 2014 WL 6885974, *5 (W.D. Pa. Dec. 4, 2014), *appeal dismissed*, 14-4697 (3d Cir. Jan. 13, 2015) (citations omitted).

On January 21, 2015, Enterprise filed an amended complaint. On February 9, 2015, the trial court sustained Appellant's preliminary objections to Enterprise's amended complaint. On February 26, 2015, Enterprise filed a second amended complaint. On March 19, 2015, Appellant filed an answer to Enterprise's second amended complaint along with a motion for judgment on the pleadings. The trial court subsequently denied the motion for judgment on the pleadings.

On May 26, 2015, an arbitration panel awarded Enterprise $300.72. Appellant appealed the arbitration award. The case proceeded to a jury trial on January 27, 2016. On January 28, 2016, the jury returned a verdict in favor of Enterprise and against Appellant in the amount of $22,541.52.

On February 5, 2016, Appellant filed a post-trial motion. On February 12, 2016, the trial court denied the post-trial motion. On February 17, 2016, judgment was entered in favor of Enterprise and against Appellant. This timely appeal followed.[2]

---

[2] On March 2, 2016, the trial court mailed notice of its order requiring Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On March 23, 2016, Appellant filed his concise statement. On April 4, 2016, the trial court issued its Rule 1925(a) opinion. Appellant included all issues raised on appeal in his concise statement.

Appellant presents five issues for our review:

1. [Did the trial court have subject matter jurisdiction over this case?

2. Was Enterprise collaterally estopped from bringing this breach of contract action?

3. Did the trial court err in its jury instructions?

4. Did the trial court err in denying Appellant's motion for compulsory nonsuit?

5. Did the trial court abuse its discretion by admitting two of Enterprise's exhibits into evidence?]

Appellant's Brief at 4.[3]

In his first issue, Appellant argues that the trial court lacked subject matter jurisdiction in this case because he removed the case to the Federal Court. Whether the trial court possessed subject matter jurisdiction is a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. *S.K.C. v. J.L.C.*, 94 A.3d 402, 406 (Pa. Super. 2014) (citation omitted).

As the learned Federal Court explained, Appellant failed to properly remove Enterprise's complaint. *Dillard*, 2014 WL 6885974 at *5. Because the case was not properly removed to the Federal Court, the trial court retained subject matter jurisdiction over this case.

---

[3] Although Appellant only lists two issues in his statement of questions involved, we ascertain five distinct issues in the argument section of his brief. We list the five distinct issues in the order in which we address them.

In his second issue, Appellant argues that Enterprise was collaterally estopped from pursuing its claim based upon *Dillard,* a separate action filed by Appellant and his wife. Specifically, Appellant argues that (a) a judgment entered in *Dillard* against Culgan Towing collaterally estopped Enterprise from pursuing its claims in this case, and (b) Enterprise was required to raise the claims asserted in this case as an affirmative defense in *Dillard*. This argument is waived. It is well-settled that "[r]es judicata and collateral estoppel are affirmative defenses which must be pleaded in an answer as new matter. A defense not so raised is waived." *Hopewell Estates, Inc. v. Kent*, 646 A.2d 1192, 1194 (Pa. Super. 1994) (citations omitted); Pa.R.C.P. 1030(a), 1032(a). In this case, Appellant did not raise the issue of collateral estoppel as new matter in his answer. *See generally* Appellant's Answer and Motion for Judgment on the Pleadings, 3/19/15. Accordingly, Appellant waived his argument that Enterprise's claims are barred by collateral estoppel.

In this third issue, Appellant argues that the trial court failed to properly instruct the jury on the elements of a breach of contract action. This argument is waived. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of." Pa.R.A.P. 302. In this case, Appellant did not make a specific objection to the trial court's

jury instructions. Accordingly, Appellant waived this issue for purposes of appellate review.[4]

In his fourth issue, Appellant argues that the trial court erred in denying his motion for compulsory nonsuit. The denial of a motion for compulsory nonsuit, however, is not appealable. *Fleishman v. Gen. Am. Life Ins. Co.*, 839 A.2d 1085, 1090 (Pa. Super. 2003), *appeal denied*, 858 A.2d 110 (Pa. 2004); *Williams v. A-Treat Bottling Co., Inc.*, 551 A.2d 297, 299 (Pa. Super. 1988); *Fleck v. Durawood Inc.*, 529 A.2d 3, 5 (Pa. Super. 1987). Therefore, Appellant is not entitled to review of this claim.

In his final issue, Appellant argues that the trial court erred in admitting two of Enterprise's exhibits into evidence. This argument is waived. It is well-settled that "[i]f an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *Vautar v. First Nat. Bank of Pennsylvania*, 133 A.3d 6, 10 (Pa. Super. 2016) (citation omitted); Pa.R.C.P. 227.1(b)(2). A trial court's ruling on evidentiary matters is among those issues that must be raised in a post-trial motion to preserve it for appellate review. *See Luzerne Cty. Flood Prot. Auth. v. Reilly*, 825 A.2d 779, 782 (Pa. Cmwlth. 2003). Appellant did not raise this issue in his post-

---

[4] Appellant cites pages 234-245 of the notes of testimony as the place where he preserved this issue. *See* Appellant's Brief at 10. No objection is included within those pages of the notes of testimony. Any argument that the issue was preserved elsewhere in the record is waived. *See* Pa.R.A.P. 2101, 2117(c).

trial motion. ***See generally*** Appellant's Post-Trial Motion, 2/5/16.

Accordingly, Appellant waived this issue for purposes of appellate review.

Judgment affirmed.[5]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016

---

[5] Appellant filed with this Court proof of paying the court reporter $600.00 for transcription of the notes of testimony in this case. ***See*** Appellant's Notice of Cash Payment, 4/7/16. This serves as evidence that Appellant is no longer eligible to proceed *in forma pauperis*. Therefore, we terminate Appellant's *in forma pauperis* status. If Appellant seeks to proceed *in forma pauperis* before this Court or our Supreme Court in subsequent proceedings related to this appeal, he must request leave to do so under Pennsylvania Rule of Appellate Procedure 553.