J-A08021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ABIGAIL FIGUEROA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EILEEN MEITZNER | : | |
| | : | |
| Appellant | : | No. 2580 EDA 2019 |

Appeal from the Judgment Entered September 30, 2019,
in the Court of Common Pleas of Northampton County,
Civil Division at No(s):  C-48-CV-2017-01004.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED JUNE 03, 2020**

Homeowner Eileen Meitzner appeals from the judgment entered against her in the premises liability action filed by Abigail Figueroa.  We affirm.

On the morning of February 12, 2015, Ms. Figueroa, a delivery driver for Fed-Ex, brought a parcel to Ms. Meitzner's home in Bethlehem, Pennsylvania.  Ms. Figueroa had already made several other deliveries that morning.  Even though it had snowed intermittently for the prior couple of days, including that very morning, Ms. Figueroa had safely entered and exited all the other properties along her route without slipping.

Not so at the Ms. Meitzner's home.  A stretch of Ms. Meitzner's sidewalk passed under a small grove of pines, where winter's ice regularly accumulates.  On that day and at that spot, winter's wrath formed a smooth sheet of ice, concealed beneath a light blanket of freshly fallen snow.  Not suspecting this

hidden danger, MS. Figueroa stepped upon this spot, lost her footing, fell, and suffered injuries. She sued Ms. Meitzner for various damages.

At the close of Ms. Figueroa's case-in-chief, Ms. Meitzner moved for a compulsory nonsuit. The trial court denied that request. The jury held Ms. Meitzner 60% liable for Ms. Figueroa's fall and Ms. Figueroa 40% liable. It awarded $1.5 million in damages, which the trial court molded to a $900,000 judgment in favor of Ms. Figueroa.

Ms. Meitzner filed post-trial motions. Among other things, she alleged that she was entitled to judgment notwithstanding the verdict ("JNOV"), because, in Ms. Meitzner's view, there was insufficient evidence to support the jury's finding that Ms. Meitzner was 60% negligent. **See** Meitzner's Post-Trial Motions at 3. She also filed a motion for remittitur. The trial court denied those requests, and this timely appeal followed.

The trial court issued an order pursuant to Pennsylvania Rule of Appellate Procedure 1925. In response to that order, Ms. Meitzner listed four issues, under the heading "[Ms. Meitzner] is Entitled to JNOV," as follows:

> 1. The verdict is not supported by sufficient evidence; hence, [Ms. Meitzner] should be granted JNOV, since [Ms. Figueroa] failed to prove that the snow and ice on [Ms. Meitzner's] property had accumulated hills and ridges. The [trial court's] refusal to grant a non-suit where the evidence established that generally slippery conditions prevailed in the community along with the testimony that the sidewalk was flat and similar to an ice-skating rink, does not support [Ms. Figueroa's] burden . . . .
>
> 2. The trial court erred in its holding that [Ms. Figueroa] was not required to prove generally slippery

- 2 -

conditions when the evidence established that in fact generally slippery conditions prevailed in the community at the time of [her] fall.

3. The hills-and-ridges doctrine applied here and based upon the record in the plaintiffs' case-in-chief, a non-suit should have been granted to [Ms. Meitzner].

4. The verdict of the jury was excessively high and bore not rational relationship to the evidence presented at trial.

Meitzner's 1925(b) Statement at 1-2.

In this 1925(b) Statement, Ms. Meitzner argued to the trial court that she was entitled to judgment as a matter of law (*i.e.*, JONV). In her brief to this Court, however, she raises two appellate issues seeking a new trial. We have reordered the issues for ease of disposition as follows:

1. Is [Ms. Meitzner] entitled to a new trial when the trial court abused its discretion and/or misapplied the law by erroneously relying upon evidence produced during [her] side of the case to justify the ruling in denying [Ms. Meitzner's] motion for nonsuit in justification in denying [Ms. Meitzner'] post-trial motion?

2. Is [Ms. Meitzner] entitled to a new trial when the trial court abused its discretion and/or misapplied the law by failing to grant the motion for nonsuit when the evidence in [Ms. Figueroa's] case failed to establish the presence of hills and ridges on the date of the accident when, viewing the evidence favorable to [Ms. Figueroa], it was undisputed that general slippery conditions prevailed at the time of [Ms. Figueroa's] slip and fall?

Meitzner's Brief at 5.

Comparing Ms. Figuero's 1925 (b) Statement with her statement of issues on appeal, we may disregard the contradictory requests for appellate

relief as simply poor draftsmanship. However, we may not overlook the fact that Ms. Meitzner failed to include her first appellate issue in her 1925(b) Statement.

Rule of Appellate Procedure 1925(b) is very clear and very strict. It compels an appellant to inform the trial court of the issues she intends to raise on appeal, so the trial court may author a responsive opinion and inform appellate courts of the reasoning behind the rulings an appellant challenges. *See* Pa.R.A.P. 1925. "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

The Supreme Court of Pennsylvania "does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b): 'A bright-line rule eliminates the potential for inconsistent results that existed . . . when . . . appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements." ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (2014) (*en banc*) (some punctuation omitted) (quoting ***Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa. 2005)). "Succinctly put, it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements." ***Id.***

Accordingly, we dismiss Ms. Meitzner's first appellate issue as waived under Pa.R.A.P. 1925(b)(4)(vii), because she did not include it in her Rule 1925(b) Statement for the trial court to address.

Turing to her second appellate issue, Ms. Meitzner claims that the trial court erred, as a matter of law, when it refused to grant her a compulsory nonsuit at the close of Ms. Figueroa's case-in-chief. Ms. Meitzner believes that the uncontradicted evidence from Ms. Figueroa "established that general slippery and wintery conditions prevailed in [Bethlehem] at the time of [Ms. Figueroa's] slip and fall on the front sidewalk of [Ms. Meitzner's] home." Meitzner's Brief at 8. Given that general slippery conditions prevailed, Ms. Meitzner asserts that Pennsylvania's common-law doctrine of hills and ridges was in effect and that Ms. Figueroa's testimony regarding the flatness and smoothness of the ice in question disproves the presence of hills and ridges, as matter of law.

An order denying a compulsory nonsuit is not immediately appealable, even if the defendant presents no evidence. *See*, *e.g.*, *Williams v. A-Treat Bottling Company, Inc.*, 551 A.2d 297 (Pa. Super. 1988). However, once the trial court also denies the defendant's motion for judgment notwithstanding the verdict, the denial of the compulsory nonsuit then becomes appealable through the prism of the order denying the defendant's post-trial motions. *See*, *e.g.*, *Elder v. Orluck*, 483 A.2d 474 (Pa. Super. 1984).

An appellate court will reverse a trial court's grant or denial of a JNOV only if there is an abuse of discretion or an error of law. Our scope of review

with respect to whether JNOV is appropriate is plenary, as with any review of questions of law. As we have explained:

> In reviewing a motion for judgment n.o.v., the evidence must be considered in the light most favorable to the verdict winner, and he must be given the benefit of every reasonable inference of fact arising therefrom, and any conflict in the evidence must be resolved in his favor. Moreover, a judgment n.o.v. should only be entered in a clear case and any doubts must be resolved in favor of the verdict winner. Further, a judge's appraisement of evidence is not to be based on how he would have voted had he been a member of the jury, but on the facts as they come through the sieve of the jury's deliberations.
>
> There are two bases upon which a judgment n.o.v. can be entered: one, the movant is entitled to judgment as a matter of law, and/or two, the evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first, a court reviews the record and concludes that even with all factual inferences decided adverse to the movant the law nonetheless requires a verdict in his favor, whereas with the second the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.
>
> Questions of credibility and conflicts in the evidence are for the fact-finder to resolve and the reviewing court should not reweigh the evidence. If there is any basis upon which the jury could have properly made its award, the denial of the motion for judgment n.o.v. must be affirmed.

***Braun v. Wal–Mart Stores, Inc.***, 24 A.3d 875, 890–91 (Pa. Super. 2011) (citations and some punctuation omitted), *affirmed*, 106 A.3d 656 (Pa. 2014).

Ms. Meitzner's argument presumes application of the hills-and-ridges doctrine in this case. The hills-and-ridges doctrine is Pennsylvania's extension of Section 342 of THE RESTATEMENT (SECOND) OF TORTS to the wintry conditions that come with living in the Northeastern United States. Ms. Meitzner

concedes there is a legally required "condition precedent before the hills-and-ridges doctrine can be invoked" to defend landowners from liability. Meitzner's Brief at 13. "[T]he doctrine only applies when 'general slippery conditions prevail in the community.'" *Id.* (quoting *Tonik v. Apex Garages, Inc.*, 275 A.2d 296, 298 (Pa. 1971)). Therefore, unless slippery conditions generally existed in the town of Bethlehem on the date she fell, as a matter of law, we need not consider whether Ms. Figueroa offered sufficient evidence to satisfy the doctrine of hills and ridges. Absent general slipperiness, the doctrine does not apply.

In *Sharp v. Luksa*, 269 A.2d 659 (Pa. 1970), the Supreme Court of Pennsylvania adopted Section 342 of THE RESTATEMENT (SECOND) OF TORTS to express the duty that landowners in this Commonwealth owe to business licensees, such as package deliverers. THE RESTATEMENT provides as follows:

> A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
>
> (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
>
> (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
>
> (c) the licensees do not know or have reason to know of the condition and the risk involved.

THE RESTATEMENT (SECOND) OF TORTS § 342 (1965).

All three criteria are required to hold a landowner responsible under a premise-liability theory. *See Himes v. New Enterprise Stone & Lime Co., Inc.*, 582 A.2d 353, 356 (Pa. Super. 1990). The court may make these determinations, as a matters of law, whenever reasonable minds cannot differ as to the conclusion. *See id.* at 358. Otherwise, these are questions of fact for the jury, as the learned trial judge here, Judge Paula J. Roscioli of the Court of Common Pleas of Northampton County, explained in her well-reasoned, detailed opinion denying Ms. Meitzner's post-trial motions on this issue.

The trial court opined as follows:

> At the root of these [post-trial] motions is [Ms. Meitzner's] contention that generally slippery conditions did prevail in the community at the time of [Ms. Figueroa's] fall and that, because hills and ridges were not present at the location of the fall, the [trial court] should have concluded as a matter of law that [Ms. Meitzner] was not liable to [Ms. Figueroa]. What [Ms. Meitzner] appears to fail to appreciate, however, is that the question of whether general slippery conditions prevailed in the community, and, if so, the question of whether hills and ridges were present at the location of the fall, were questions of fact to be resolved by the jury . . .
>
> With respect to the question of generally slippery conditions, [Ms. Figueroa testified] that a "coating" of snow fell on the morning of February 12, 2015, but that it had stopped snowing while she was out delivering packages prior to her fall. N.T., 3/5/19, at 50-51. She testified that she had no trouble walking in her sneakers at any of the 10-15 other locations where she had walked, on paved surfaces, to deliver packages prior to her fall that morning. *Id.* at 51, 57. [Ms. Figueroa] also testified that the driveway at [Ms. Meitzner's] property, where she parked her delivery vehicle, was "clean," containing "no snow." *Id.* at 53-54.

> This testimony was corroborated by Plaintiff's Exhibit No. 2, a Compu-Weather report for the area of [Ms. Meitzner's] address on the date of the fall. This meteorological report indicated that the temperature at the time of the fall at [Ms. Meitzner's] address was 35 degrees Fahrenheit, and that approximately four inches of snow were present on untreated surfaces from snow and ice that had fallen on and prior to February 10, 2015 – two days prior to the incident – in addition to the flurries that had fallen on the morning of February 12. On February 10, only a trace of snow had fallen. On February 11, there was no precipitation. Nighttime temperatures in the days preceding the fall were well below freezing. While he contributed the absence of any accumulation on the driveway to "solar radiation" warming "black surfaces," [Ms. Meitzner's] husband, Carl Meitzner, agreed that the driveway was clear on the morning of February 12, 2015. N.T., 3/6/19, at 199. Based upon this evidence, we believe it was appropriate to leave to the jury the question of whether generally slippery conditions prevailed in the community at the time of [Ms. Figueroa's] fall.

Trial Court Opinion, 8/1/19, at 3-4.

We agree with the trial court's analysis of Ms. Figueroa's testimony and the denial of the motion for compulsory nonsuit. The testimony of Ms. Figueroa regarding the non-slippery condition of Ms. Meitzner's driveway and the other properties she visited that morning created a factual question as to the general slipperiness of Bethlehem on the date and time when Ms. Figueroa fell. Ms. Meitzner's second appellate issue presumes "it was undisputed that general slippery conditions prevailed at the time of [Ms. Figueroa's] slip and fall." Meitzner's Brief at 5. Ms. Figueroa's testimony suggests otherwise.

Thus, the jury had the right and authority to decide whether non-slippery conditions generally existed in Bethlehem on the morning in question,

such that the slippery patch of ice on the Meitzners' sidewalk was the unreasonable and, therefore, unlawful exception. Ultimately the jury credited Ms. Figueroa's testimony, found that the hills and ridges doctrine did not apply, and held Ms. Meitzner 60% responsible for Ms. Figueroa's fall.

As this was a jury question, we dismiss Ms. Meitzner's second appellate issue as meritless.

Judgment affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 6/3/2020*