J-A14045-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

GERALD S. LEPRE, JR. : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
        Appellant :
:
:
:
      v. :
:
:
PAUL TOMMARELLO D/B/A :
TOMMARELLO CYCLE & MOTOR : No. 166 WDA 2020

Appeal from the Order Dated December 18, 2019
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): AR-18-000067

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED SEPTEMBER 10, 2020

Gerald S. Lepre, Jr. ("Lepre"), pro se, appeals from the Order denying his post-trial Motion, which rendered final the compulsory nonsuit against him and in favor of Paul Tommarello D/B/A Tommarello Cycle & Motor ("Tommarello").[1] We affirm.

On October 15, 2015, Lepre drove his 1975 Harley Davidson FXE motorcycle to Tommarello's motorcycle shop. At that time, Lepre asked

_____

[1]An order denying a compulsory nonsuit is not immediately appealable. Williams v. A-Treat Bottling Co., Inc., 551 A.2d 297, 299 (Pa. Super. 1988). However, once the trial court denied Lepre's post-trial Motion, the denial of the compulsory nonsuit became appealable through the prism of the Order denying the post-trial Motion. See Fleck v. Durawood, Inc., 529 A.2d 3, 5 (Pa. Super. 1987) (recognizing that, although the denial of a nonsuit is not appealable, an appeal may be filed from the order denying post-trial motions).

Tommarello to install a BDL Open Belt Drive SHL-600 and Ultima Thunder Fire Starter Motor 1.4w on his motorcycle. Lepre agreed to pay $500 for the installation, and Tommarello agreed to return any removed parts to Lepre. According to Lepre, Tommarello ran into a few issues readjusting the transmission and the electrical wiring of the starter. As a result, Lepre paid a total cost of $700 for the repairs and installation.

Immediately thereafter, Lepre test-drove the motorcycle for approximately three (3) miles and returned to the repair shop. Lepre attempted to take the motorcycle for a second ride. When Lepre put the motorcycle in gear, bolts came loose inside the clutch hub, which shredded the inside of the metal clutch housing plate. Tommarello attempted to repair the loose bolts. Lepre started the motorcycle and attempted to pull out of the driveway of the repair shop. However, the motorcycle completely shut down and could not be restarted. After inspection, Tommarello advised Lepre that he was going to have to return the ignition to the manufacturer for a new one. However, Tommarello advised that he had a used part in stock, which he would sell to Lepre for $200, which Lepre tendered.

Lepre's motorcycle remained at the repair shop for a week. During a subsequent test drive, the motorcycle again experienced problems. Tommarello repaired the motorcycle for an additional charge. The motorcycle finally shorted-out again a few days later and was left at Tommarello's shop.

Subsequently, Tommarello called Lepre and advised Lepre of the costs of additional repairs. Tommarello directed Lepre to either pay for an additional repair, or retrieve the motorcycle. Ultimately, Lepre retrieved his motorcycle. Approximately one year later, Lepre took his motorcycle to another mechanic, Todd E. Kraft ("Kraft"),[2] who estimated the cost of repair and replacement of parts. Kraft installed a new electrical system, including a wiring harness. Kraft also installed an Electronic Starter Motor. The repairs totaled $1,500.00.

A few months later, while Lepre was operating the motorcycle, the Open Belt Drive failed mechanically. When Lepre contacted the manufacturer, it advised him that the Open Belt Drive was not properly installed.

Lepre filed a Complaint for breach of contract based on Tommarello's improper installation of the BDL Open Belt Drive and the Starter Motor. Lepre also claimed a breach of warranty based upon Tommarello having warranted that (1) materials and equipment furnished under the agreement would be new and of good quality; (2) the work would be free from defects; and (3) the work would conform to the requirements of the oral agreement and any related documents. Lepre additionally raised claims of gross negligence, fraudulent misrepresentation, and a violation of the Unfair Trade Practices and Consumer Protection Law.[3]

---

[2] Kraft is now deceased.

[3] See 73 P.S. §§ 201-1 to 201-9.3.

At trial, Lepre appeared pro se, and presented only his own testimony to establish his causes of action. At the close of his testimony, upon the Motion of Tommarello, the trial court entered a compulsory nonsuit against Lepre. Lepre filed a post-trial Motion, which the trial court denied. Thereafter, Lepre filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Lepre presents the following claims for our review:

1. Did the trial court commit [an] error of law, abuse its discretion and violate constitutional rights in holding a bench trial when a pre-trial demand had been [made] for a jury[,] and a jury trial [was] paid for on the arbitration appeal?

2. Did the trial court commit [an] error of law, abuse its discretion and violate constitutional rights in a civil suppression or exclusion of valid evidence of [Tommarello's] liability or guilt?

Brief for Appellant at 4.

Initially, we observe that

[a] trial court may enter a compulsory nonsuit on any and all causes of action if, at the close of the plaintiff's case against all defendants on liability, the court finds that the plaintiff has failed to establish a right to relief. Pa.R.C.P. No. 230.1(a), (c); see Commonwealth v. Janssen Pharmaceutica, Inc., … 8 A.3d 267, 269 n.2 (Pa. 2010). Absent such finding, the trial court shall deny the application for a nonsuit. On appeal, entry of a compulsory nonsuit is affirmed only if no liability exists based on the relevant facts and circumstances, with appellant receiving "the benefit of every reasonable inference and resolving all evidentiary conflicts in [appellant's] favor." Agnew v. Dupler, … 717 A.2d 519, 523 (Pa. 1998). The compulsory nonsuit is otherwise properly removed[,] and the matter remanded for a new trial.

Scampone v. Highland Park Care Ctr., LLC, 57 A.3d 582, 595-96 (Pa. 2012).

Lepre first claims that the trial court improperly denied him a jury trial. Brief for Appellant at 7. According to Lepre, he paid for a jury trial at the time of his arbitration appeal. Id. However, Lepre contends that the trial court conducted a bench trial without an express waiver of his right to a jury trial. Id. Lepre argues that this error requires the grant of a new trial. Id.

Our review of the record discloses that the trial court entered a nonsuit at the close of Lepre's evidence. See N.T., 11/15/19, at 91 (wherein at trial, the trial court states that it will take the Motion for a nonsuit under advisement, and a decision will be forthcoming); Trial Court Order, 11/19/19 (wherein the trial court granted Tommarello's Motion for compulsory nonsuit). The trial court's entry of a compulsory nonsuit rendered moot Lepre's claim based upon the denial of a jury trial, as the matter would not have reached the jury for deliberation. See, e.g., Front St. Dev. Assocs., L.P. v. Conestoga Bank, 161 A.3d 302, 304 (Pa. Super. 2017) (determining that the affirmance of the order granting judgment on the pleadings rendered moot the propriety of an order striking a jury trial demand). Accordingly, we cannot grant Lepre relief on his first claim.

In his second claim, Lepre argues that the trial court improperly excluded evidence regarding Tommarello's liability. Brief for Appellant at 7. Lepre argues that

the trial court excluded each and every document [that Lepre] attempted to submit during the forced bench trial. The trial court suppressed or excluded this evidence based on the idea that [Tommarello] never received a copy of these documents, because he no longer received mail at the address listed on the trial court docket....

Id. at 8. According to Lepre, it was not his duty to keep the trial court informed of Tommarello's address. Id.

We review the trial court's ruling on the admissibility of evidence for an abuse of discretion. Phillips v. Lock, 86 A.3d 906, 920 (Pa. Super. 2014). We will not overturn such a ruling absent an abuse of discretion or misapplication of law. Id.

In its Opinion, the trial court deemed this claim waived based upon Lepre's failure to raise it in his post-trial Motion. See Trial Court Opinion, 2/20/20, at 2-4. We agree.

An appellant must file post-trial motions to preserve issues for appellate review; issues not raised in post-trial motions are waived. Lenhart v. Cigna Cos., 824 A.2d 1193, 1196 (Pa. Super. 2003); see also Chalkey v. Roush, 757 A.2d 972, 975 (Pa. Super. 2000) (en banc) (noting that the purpose of requiring issues to be raised in a post-trial motion is "to provide the trial court the first opportunity to review and reconsider its earlier rulings and correct its own error"). Further, Rule 227.1(b)(2) provides that "post-trial relief may not be granted unless the grounds therefor ... are specified in the motion." Pa.R.C.P. 227.1(b)(2). The comment to the rule explains that,

> [i]n requiring the motion to state the specific grounds therefor, motions which set forth mere "boilerplate" language are specifically disapproved. A post-trial motion must set forth the theories in support thereof "so that the lower court will know what it is being asked to decide." Frank v. Peckich, ... 391 A.2d 624, 632-633 ([Pa. Super.] 1978).

Pa.R.C.P. 227.1, cmt.

In his post-trial Motion, Lepre failed to identify any trial court evidentiary rulings that he sought to challenge, and "the specific grounds therefor[.]" See id. As such, we discern no abuse of discretion by the trial court in deeming this claim waived. See id.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2020